The Honorable Dave Bisbee State Representative 174 Pyramid Drive, Route 1 Rogers, Arkansas 72756
Dear Representative Bisbee:
This is in response to your request for an opinion, on behalf of Mr. Kirnan Lewis, a member of the Bethel Heights Town Council, regarding the mayor and town council members of an incorporated town. Attached to your request is a letter from Mr. Lewis in which he has asked for an opinion on the following questions:
 1. I understand that the mayor may be identified by law as the chief law enforcement officer of the town, and if so where is it defined by state statutes noting his/her authority, training, etc.?
 2. If the mayor, a bloodline relative and a close friend are business employer-employees and are all on the town council of an incorporated town, does this constitute a conflict of interest for the citizens of our town?
With regard to Mr. Lewis' first question, I find no state statute which specifically designates the mayor of an incorporated town as the "chief law enforcement officer" of the town. The statutes regarding incorporated towns are codified at A.C.A. 14-45-101 to -111 (1987 and Cum. Supp. 1993). The powers of a mayor of an incorporated town are set out generally in A.C.A. 14-45-105 (1987), which provides, in part, that a mayor of an incorporated town "shall be ex officio president of the town council, shall preside at its meetings, and shall have a vote when the mayor's vote is needed to pass any ordinance, bylaw, resolution, order, or motion." While no statute refers to the mayor of an incorporated town as its chief law enforcement officer, A.C.A. 14-45-106 (1987) does refer to the mayor of an incorporated town as "a conservator of the peace" and provides the following:
 (a) The mayor of an incorporated town shall be a conservator of the peace throughout its limits and shall have, within the town, all power and jurisdiction of a justice of the peace in all civil or criminal matters arising under the laws of the state, to all intents and purposes whatever. For crimes and offenses committed within the limits of the town, the mayor's jurisdiction shall be coextensive with the county.
 (b) Any mayor may designate, at such times as he shall choose to do so, any duly elected and qualified justice of the peace in the township to sit in the mayor's stead as justice of the city court. All fines and penalties assessed by the city court in that case shall continue to be paid into the town treasury, and the justice sitting in the stead of the mayor shall charge and collect the same fees as justices of the peace are allowed for similar service.
 (c) The mayor shall give bond and security in any amount to be ascertained and approved by the town council.
(d) The mayor shall:
 (1) Perform all duties required of him by the ordinances of the town, and appeals may be taken in the same manner as from decisions of justices of the peace; and
 (2)(A) Keep a docket and charge and collect the same fees as justices of the peace are allowed for similar services.
 (B)(i) In addition for his services as mayor, the council may, by ordinance, make proper allowance for, and payment of, compensation.
(ii) Clay, Craighead, Greene, Ashley, and Chicot counties shall be exempted from the provisions of this section. [Emphasis added.]
After a review of the relevant statutes, there appear to be none which require a mayor of an incorporated town to have any type of training as a prerequisite to acting as "conservator of the peace" pursuant to A.C.A. 14-45-106(a). As mayors are elected officers, they are not classified as "law enforcement officers" for purposes of law enforcement and training standards requirements. See A.C.A. 12-9-102(1) (Cum. Supp. 1993).
Additionally, it should be noted that town councils of incorporated towns have the power to provide, by ordinance, for the election of a town marshal. See A.C.A. 14-45-109(a) (1987). Arkansas Code Annotated 14-45-111 (1987) sets forth the following powers and duties of town marshals of incorporated towns:
 (a) The town marshal of incorporated towns shall be the principal ministerial officer of the town. He shall have the same power that sheriffs have by law, and his jurisdiction shall be coextensive with the county for offenses committed within the limits of the town.
 (b) The town marshal shall execute the process of the mayor and collect the same fees for his services that sheriffs are allowed in similar cases.
 (c) It shall be the duty of the town marshal to:
 (1) Suppress all riots and disturbances and breaches of the peace;
 (2) Apprehend all disorderly persons in the town;
 (3) Pursue and arrest any person fleeing from justice in any part of the state; and
 (4) Apprehend any person in the act of committing any offense against the laws of the state or ordinances of the town and immediately bring the person before the mayor, or other competent authority, for examination or trial.
(d) The town marshal shall have power to appoint one (1) or more deputies, for whose official acts he shall be responsible.
 (e) All persons or parties arrested by any officer of the state for violation of any town ordinance shall be turned over to the town marshal and shall be by him taken before the proper authorities for investigation.
The statute codified at A.C.A. 14-52-102 (1987) provides that the governing body of any incorporated town may also establish a police department for the town, "prescribe its duties, and define its powers in such manner as will most effectively preserve the peace of the town. . . ." Additionally, A.C.A.14-52-103 (1987) provides that the governing body of an incorporated town may, by ordinance, "establish either a police department or a city marshal's office."
In sum, it is my opinion that the answer to Mr. Lewis' first question is that, while mayors of incorporated towns are not statutorily defined as the "chief law enforcement officers" of the town, they are authorized to act as "conservators of the peace." See A.C.A. 14-45-106(a). A "conservator of the peace" has been defined as being synonymous with the term "peace officer." Levy v. Albright, 204 Ark. 657, 662,163 S.W.2d 529 (1942). As town councils of incorporated towns are authorized to provide for the election of a town marshal, establish a police department for the town, or establish a city marshal's office, these entities are also authorized to exercise certain law enforcement duties. See A.C.A.14-45-109(a), 14-52-102, and 14-52-103.
With regard to Mr. Lewis' second question, it is my opinion that there is no conflict of interest for a relative and a close friend of the mayor, who are also business employees of the mayor, to be members of the town council of an incorporated town. This opinion is based, however, on the premise that the mayor would not use his position when acting in his role as private employer to attempt to influence or intimidate the relative or close friend in decisions they make as town council members. Reference should also be made to the code of ethics and conflict of interest provisions which apply to public officials and state employees. In this regard, A.C.A.21-8-304(a) (1987) provides the following:
 No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law. [Emphasis added.]
A factual inquiry, to be made on a case by case basis, would be necessary in order to determine whether a violation of the foregoing provision had occurred.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh